UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Saeed Jafarzadeh, et al., | No. 1:23-cv-00770-KJM-CDB |
| Plaintiffs, | ORDER |
| v. | |
| Antony J. Blinken, et al., | |
| Defendants. | |

In this action, plaintiffs allege defendants have unreasonably delayed the adjudication of plaintiff Abbas Jafarzadeh's immigrant visa application. Defendants move to dismiss for failure to state a claim on which relief may be granted. The motion is **denied**.

I.   **BACKGROUND**

Plaintiffs are a United States citizen and his Iranian-national father. Compl. ¶¶ 73, 74, ECF No. 1. Defendants are Antony J. Blinken, sued in his official capacity as the United States Secretary of State, Julia M. Stufft, sued in her official capacity as Deputy Assistant Secretary for Visa Services, Bureau of Consular Affairs, and Stephanie Zakhem, sued in her official capacity as the Consul General of the United States Embassy in Yerevan, Armenia. *Id.* ¶¶ 29–31.

Congress enacted the Immigration and Nationality Act (INA) to reunite families. *See id.* ¶¶ 32–35. Under the INA, consular officers have authority to issue immigrant visas to foreign nationals who are eligible for the visas and admissible to the United States. *Id.* ¶ 36 (citing

1

8 U.S.C. § 1201; 22 C.F.R. § 42.71). One basis for foreign nationals to apply to immigrate to the United States is based on a familial relationship with a U.S. citizen. *Id.* ¶ 37 (citing 8 U.S.C. § 1153(a)(1)–(4)). For a family-based immigrant visa, the sponsoring U.S. citizen must first file a "Form I-130 Petition for Alien Relative" with the United States Citizenship and Immigration Services (USCIS). *Id.* ¶ 39 (citing 8 U.S.C. § 1154). Once the USCIS approves the I-130, it transfers the petition to the National Visa Center (NVC) for preprocessing. *Id.* ¶ 40. The beneficiary of the visa petition may then begin the visa application process by submitting a "DS-260 Online Immigrant Visa and Alien Registration Application." *Id.* After the beneficiary completes the DS-260 application and submits all the necessary forms and fees, the application is sent to the relevant Embassy to conduct an interview. *Id.* ¶¶ 41–44. During the interview, an applicant executes the DS-260 by swearing to or affirming its contents and signing it before a consular officer. *Id.* ¶ 49 (citing 22 C.F.R. § 42.67). Once an application is properly completed and executed before a consular officer, the officer must either issue or refuse to issue a visa. *Id.* ¶ 52 (citing 22 C.F.R. § 42.81(a)).

Here, the sponsoring plaintiff, Saeed Jafarzadeh, filed an I-130 petition on behalf of each of his parents: Abbas Jafarzadeh, the beneficiary plaintiff and his father, and his mother, whom he has not identified by name. *Id.* ¶¶ 73, 75.[1] The USCIS approved the I-130 petitions and forwarded the petitions to the NVC for pre-processing. *Id.* ¶ 75. On January 30, 2022, Abbas submitted the DS-260 application and supporting documents. *Id.* ¶ 77. Upon the request of the Embassy, he also submitted a form DS-5535, which is "no longer required under a void travel ban as revoked by President Biden." *Id.* ¶ 78. On March 16, 2023, the Consular Section of the United States Embassy in Yerevan, Armenia, interviewed Abbas and his wife. *Id.* ¶ 79. After the interview, the consular officer informed him his application must go through mandatory administrative processing. *Id.* ¶ 80. The consular officer gave Abbas a "temporary refusal letter," which informed Abbas he would receive a questionnaire to fill out and would be notified by email once his administrative processing is completed. *Id.* ¶ 81; Refusal Letter, Compl. Ex. B, ECF No.

---

[1] Because both son and father share the same last name, the court will refer to each plaintiff by his first name.

1-2. The wording of the refusal letter suggests an administrative processing designation is not a permanent refusal that terminates the application. It provides "[i]f your case was refused for administrative processing, it will remain refused while undergoing such processing." Refusal Letter. In contrast, it also provides "[i]f your case was refused because of missing documents or information, complete the indicated actions as soon as possible . . . . If you fail to take the requested action(s) within one year following this refusal, then your petition will be permanently terminated under INA Section 203(g)." *Id.* (emphasis omitted).

Abbas completed and submitted the questionnaire on April 3, 2023. Compl. ¶ 82. Unlike Abbas, his wife has received an immigrant visa and has entered the United States. *Id.* ¶ 83. As of the time of the filing of the complaint, Abbas has waited over nineteen months since the case was first initiated, and two months since his interview, for adjudication of his visa. *Id.* ¶¶ 85–86; *see* Status Tracker, Compl. Ex. C, ECF No. 1-3. The status tracker, like the refusal letter, provides "[i]f you were informed by the consular officer that your case was refused for administrative processing, your case will remain refused while undergoing such processing." Status Tracker. It also provides, "[y]ou will receive another adjudication once such processing is complete." *Id.* Plaintiffs have inquired about the status of Abbas's application multiple times but were told the case is "still pending administrative processing." Compl. ¶ 87. Abbas's application "remains in an indefinite state of additional 'administrative processing' with no timeline for completion." *Id.* ¶ 88. Due to the delay, plaintiffs have suffered prolonged separation, severe emotional distress, psychological harm and financial strain. *Id.* ¶¶ 91–95, 97–99.

Plaintiffs claim defendants have unreasonably delayed the adjudication of Abbas's immigrant visas and therefore they have filed this action. They bring several claims under the Administrative Procedure Act and seek relief under the Mandamus Act. *See id.* ¶¶ 105–67. Defendants move to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). Mot., ECF No. 6. Plaintiffs oppose, Opp'n, ECF No. 13, and defendants have replied, Reply, ECF No. 14. The court submitted the motion without a hearing. Min. Order, ECF No. 8. Although the case was filed in this district's Fresno courthouse, the case was reassigned to the

undersigned on April 3, 2024 in consideration of "the equitable division and efficient and economical determination of court business[.]"  Order, ECF No. 25.

## II.   LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In response, the court begins by assuming the complaint's factual allegations are true, but not its legal conclusions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (citation omitted).  The court construes all factual allegations "in the light most favorable to the nonmoving party."  *Steinle v. City of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (citation omitted).  The court then determines whether those factual allegations "plausibly give rise to an entitlement to relief" under Rule 8.  *Iqbal*, 556 U.S. at 679.

## III.   ANALYSIS

Defendants argue plaintiffs' complaint must be dismissed because 1) "the doctrine of consular nonreviewability precludes judicial review of a U.S. consular official's decision to refuse the visa application of a noncitizen"; 2) "Defendants do not owe Plaintiff a nondiscretionary duty to reconsider, within a specified timeframe, whether the refusal of a visa application can be overcome"; and 3) the delay plaintiffs experienced is not unreasonable.  Mot. at 6.[2]

As noted, Abbas appeared for an interview in the U.S. Embassy in Yerevan, and a consular officer rejected his visa application for administrative processing.  *See* Compl. ¶ 80.  His application has been in administrative processing for well more than a year now.  It is unclear why his visa application was placed in administrative processing or what the administrative processing consists of.  Defendants' position is that there has been a final decision on Abbas's application.  *See* Mot. at 6.  Plaintiffs on the other hand, contend there has been no final decision because the application is still pending administrative processing.  *See* Opp'n at 12.

District courts, including those in this district have found "the 'administrative processing' designation insufficient to constitute a refusal."  *See, e.g.*, *Mohamed v. Pompeo*, No. 19-01345,

---

[2] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

4

2019 WL 4734927, at *4 (E.D. Cal. Sept. 27, 2019); *Rasoulzadeh v. Tillerson*, No. 17-2399, 2018 WL 1426965, at *2 (S.D. Cal. Mar. 22, 2018) (denying motion to dismiss complaint as moot because "there is a dispute of fact as to whether [the] visa application has been denied or whether it is still undergoing administrative processing"); *Gonzalez v. Baran*, No. 21-05902, 2022 WL 1843148, at *3 (C.D. Cal. Jan. 11, 2022) (holding similarly and collecting authority); *but see Conley v. U.S. Dep't of State*, No. 24-10131, 2024 WL 1640074, at *4 (D. Mass. Apr. 16, 2024) (noting split and finding refusal of visa is a final decision). These courts have found that although a consular official "nominally" refused a visa application, by undergoing further administrative processing, the visa application remained under consideration, and the "nominal" refusal could not be "fairly be described as a final determination." *Sharifi v. Blinken*, No. 23-5112, 2024 WL 1798185, at *3 (E.D.N.Y. Apr. 25, 2024). This court has previously joined the courts that have found the administrative processing designation insufficient to constitute a final decision. *See* Order, *Iqbal v. Blinken*, No. 23-1299 (E.D. Cal. Aug. 22, 2024), ECF No. 55.

"When a visa application has been properly completed and executed before a consular officer," the consular officer must pursue one of three actions. 22 C.F.R. § 42.81(a). The officer must either: "issue the visa, refuse the visa under INA 212(a) or 221(g) or other applicable law or, pursuant to an outstanding order under INA 243(d), discontinue granting the visa." *Id.* Section 221(g) of the INA provides several grounds for non-issuance of visas. 8 U.S.C. § 1201(g). Moreover, "[i]f a visa is refused, and the applicant within one year from the date of refusal adduces further evidence tending to overcome the ground of ineligibility on which the refusal was based, the case shall be reconsidered." 22 C.F.R. § 42.81(e).

Here, Abbas's visa application was rejected under section 221(g) and placed in administrative processing. The INA and related regulations do not account for this "administrative processing" designation, which has the effect of placing Abbas's application in administrative limbo: his visa application was neither granted nor refused in a manner that would permit him to seek reconsideration of the refusal under 22 C.F.R. § 42.81(e). Although the refusal letter and status tracker provide Abbas's visa application "will remain refused while undergoing" the administrative processing, it does not state this is a reconsideration of the

5

application, nor does it state the refusal is a final decision. *See* Refusal Letter; Status Tracker. Rather, the refusal letter directed Abbas to fill out an additional questionnaire, without identifying which questionnaire. *See* Refusal Letter.

Additionally, the refusal letter does not appear to comply with 22 C.F.R. § 42.81(b) ("Procedure in refusing immigrant visas."). In relevant parts, the regulation provides:

> When an immigrant visa is refused, an appropriate record shall be made in duplicate on a form prescribed by the Department. The form shall be signed and dated by the consular officer. The consular officer shall inform the applicant of the provision of law or implementing regulation on which the refusal is based and of any statutory provision of law or implementing regulation under which administrative relief is available.

22 C.F.R. § 42.81(b)

The refusal letter complies in part with the regulation by identifying the law on which the refusal is based, namely INA section 221(g). *See* Refusal Letter. However, it does not provide the law or regulation under which administrative relief is available, and it does not appear to be signed by a consular officer. *See id.* Moreover, the refusal letter acknowledges a separate ground for refusal, due to missing documents or information. *Id.* In those cases, the applicant must submit the additional documentation within one year, otherwise, the petition will be "permanently terminated under INA Section 203(g)." *Id.* As a result, despite defendants' arguments to the contrary, the refusal here is not a final decision. *See, e.g.*, *Patel v. Reno*, 134 F.3d 929, 932 (9th Cir. 1997) (refusal letter did not comply with regulations and was not "final decision"). The instructions to fill out an additional questionnaire, the lack of the term "permanent termination" or "final adjudication," and the fact Abbas's application is still undergoing administrative processing show there has been no final determination on his visa application. Here, it appears the Consular Section is holding Abbas's visa application "in abeyance." *See id.*

Because there has been no final decision on Abbas's visa application, the doctrine of consular nonreviewability does not bar judicial review. Under the doctrine of consular nonreviewability, "[f]ederal courts are generally without power to review the actions of consular officials." *Rivas v. Napolitano*, 714 F.3d 1108, 1110 (9th Cir. 2013). However, "a court has

jurisdiction to review a consular official's actions 'when [the] suit challenges the authority of the consul to take or fail to take an action as opposed to a decision within the consul's discretion.'" *Id.* (alteration in original) (citing *Patel*, 134 F.3d at 931–32). Here, plaintiffs are not seeking to review the consular officer's decision. Rather, they are alleging the consular officer has not made a final decision on Abbas's visa application, which it is required to do under 22 C.F.R. § 42.81(a). *See Patel*, 134 F.3d at 933. Accordingly, the doctrine of consular nonreviewability is inapplicable here. *See, e.g.*, *Ferdowski v. Blinken*, No 23-01123, 2024 WL 685912, at *3 (C.D. Cal. Feb. 12, 2024) (holding similarly).

Likewise, whether defendants have "a non-discretionary duty . . . to reconsider [Abbas's visa application], within a specified timeframe" is not relevant here. *See* Mot. at 10–12. Plaintiffs are not asking defendants to reconsider any action of the consular officer; rather, plaintiffs are requesting defendants complete adjudication of Abbas's visa application. *See* Compl. at 25–26 (Prayer for Relief). Moreover, this court and others have found "defendants have a nondiscretionary duty to adjudicate plaintiffs' immigrant visa petitions within a reasonable time." *Iqbal v. Blinken*, No. 23-01299, 2023 WL 7418353, at *7 (E.D. Cal. Nov. 9, 2023); *see also Ferdowski*, 2024 WL 685912, at *3 ("[C]ourts in this Circuit agree that 'Defendants have a nondiscretionary duty to complete the administrative processing and must satisfy that duty within a reasonable time.'"); *but see Karimova v. Abate*, No. 23-5178, 2024 WL 3517852, at *3–4 (D.C. Cir. July 24, 2024) (unpublished) (finding no duty to act once an application is in administrative processing). Accordingly, defendants' second argument is unpersuasive.

Finally, defendants argue there has been no unreasonable delay. In determining whether an agency action was unreasonably delayed, the courts consider six "*TRAC* factors." *In re Nat. Res. Def. Council, Inc.*, 956 F.3d 1134, 1138–39 (9th Cir. 2020) (quoting *Telecommc'ns Rsch. & Action Ctr. v. F.C.C.*, 750 F.2d 70, 79–80 (D.C. Cir. 1984)) (listing factors). "What constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case." *Gelfer v. Chertoff*, No. 06-06724, 2007 WL 902382, at *2 (N.D. Cal. Mar. 22, 2007) (citation omitted). Because of the fact-intensive nature of the reasonableness determination, this court finds this inquiry is ultimately best resolved on a full factual record.

*See, e.g.*, *Iqbal*, 2023 WL 7418353, at *8 (collecting cases).  Here, plaintiffs have sufficiently pled defendants have unreasonably delayed adjudicating Abbas's visa application such that their case can proceed.  *See, e.g.*, Compl. ¶¶ 85–104.  Accordingly, defendants' motion to dismiss based on failure to state a claim is denied.

### IV. CONCLUSION

For the reasons above, defendants' motion to dismiss is **denied.**  Defendants must file an answer within fourteen (14) days.  A Status (Pretrial Scheduling) Conference is hereby set for September 26, 2024 at 2:30 PM in Courtroom 3 (KJM) before the undersigned, with the **filing of a joint status report due fourteen (14) days prior.**

This order resolves ECF No. 6.

IT IS SO ORDERED.

DATED:  August 23, 2024.

CHIEF UNITED STATES DISTRICT JUDGE